UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

DANVILLE COUSINS,

        Plaintiff,

        -v-

MARTIN HERRON, AFOD for
Buffalo Federal Detention Facility, et al.,

        Respondents.

**DECISION and ORDER**
10-CV-6280F

___

Petitioner, Danville Cousins, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, challenging his continued administrative custody/detention pending removal. (Docket No. 1.)[1] Respondents have filed a motion to dismiss the petition as moot inasmuch as petitioner's removal was effected on or about June 24, 2010, by the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE"). (Docket No. 4, Motion to Dismiss, Affidavit of Gail Y. Mitchell, Esq., sworn to July 22, 2010, ¶ ¶ 4-5, and Exhibit A, Warrant of Removal/Deportation.) Respondents' counsel has submitted a copy of the Warrant/Removal Deportation of DHS/ICE verifying the petitioner's removal. (*Id.*, Exhibit A).

___

[1] Because petitioner could not and did not challenge his final order of removal in this Court, a stay of removal was not entered. *See, e.g., Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center*, No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

Accordingly, in light of the fact that petitioner's removal has been effected[2] and that the relief requested in the petition has been achieved, i.e., release from administrative detention pending removal, the respondents' motion to dismiss the petition is granted and the petition is dismissed.[3]

SO ORDERED

Dated:  July 28, 2010
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[2]The court notes that a copy of its order directing a response to the petition from respondents, which was mailed to plaintiff at his last know address, was returned as undeliverable. Loc.R.Civ.P. 5.2(d) requires pro se litigants to notify the court of a current address at all times, and that a failure to do so may result in a dismissal of the case with prejudice.

[3]See Arthur v. DHS/ICE, No. 09-CV-6130-CJS-VEB (W.D.N.Y. April 15, 2010) (Dkt. #19, Report and Recommendation) (petition for a writ of habeas corpus seeking release from detention pending removal moot upon removal of petitioner); Masoud v. Filip, NO. 08-CV-6345-CJSVEB, 2009 WL 223006 (W.D.N.Y., January 27, 2009) (confirming Report and Recommendation of U.S.M.J. Victor E. Bianchini) (petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal moot upon release of petitioner from detention pursuant to an Order of Supervision).